UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY FLEEMAN, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1125 |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the court is plaintiffs' motion to remand.  Dkt. 8.  After considering the motion, the responses, and the applicable law, the motion is GRANTED for the reasons set forth below.  This case is, therefore, REMANDED to the 9th Judicial District Court of Montgomery County, Texas.

## BACKGROUND

Plaintiffs Tommy and Regina Fleeman own a home located at 200 Springs Edge Drive, Montgomery, TX 77356 (the "Property") which they insured with defendant Safeco Insurance Company of Indiana ("Safeco").  Dkt. 8-3, Ex.C at 3.  On or about September 12, 2008, Hurricane Ike hit Montgomery County, damaging the property; plaintiffs thereafter submitted a claim to Safeco for roof damage, wind damage, and structural damage caused by Hurricane Ike.  *Id.* at 4.  Safeco assigned defendant Rick Price to adjust the claim.  *Id.*

The Fleemans brought suit against Safeco , Rick Price, and Lisa Clegg[1] on February 16, 2010 in the 9th Judicial District Court of Montgomery County, Texas.  Dkt. 1 at 1.  The Fleemans alleged

---

[1] Lisa Clegg was dismissed from this suit on March 10, 2010.  Dkt. 11.

multiple causes of action against the defendants, including breach of contract, breach of good faith and fair dealing, common law fraud, and violations of Texas Insurance Code Chapters 541 and 542. Dkt. 8-3, Ex. C at 7–14. Despite the fact that Price is a resident of Texas, Safeco removed the case to federal court, arguing that the Fleemans improperly joined Price. Dkt. 1 at 3. The Fleemans dispute Safeco's improper joinder allegation and now move the court to remand the case to state court. Dkt. 8. The parties do not dispute that if Price were not a party to the case, diversity jurisdiction would be proper.

## ANALYSIS

Defendant Safeco alleges that Price was joined improperly, and therefore his citizenship should be ignored for diversity purposes. Dkt. 8. In contrast, the Fleemans argue that Price is a valid defendant with causes of action against him that are recognized by Texas courts. Dkt. 8.

### 1.    The Law

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake &*

2

*O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiffs will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original). In the present case, the appropriate inquiry is whether the Fleemans have alleged sufficient facts to support any of the claims against Price. If the Fleemans have failed to state a valid claim against Price, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants. If so, remand is proper. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 F. App'x. 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . ." *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiffs' pleading, thus making a summary inquiry useful. *Id.* In these cases, the court, at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Thus, the inquiry no longer centers on the plaintiffs' state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Id.* "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiffs'] favor." *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

  2. *The Fleemans' Claims Against Price*

Safeco contends that Price was improperly joined in this case because plaintiffs failed to allege sufficient facts establishing that Price committed any violation that caused them harm. Dkt. 15 at 3. First, Safeco argues that the accusations against Price fail to describe any conduct that could subject him to liability. *Id.* at 4. And second, Safeco claims that plaintiffs fail to allege that Price made coverage or causation decisions in connection with their claim. *Id*. At 5. The Fleemans, however, counter that the facts pleaded in the original petition are sufficient to establish a cause of action against Price. Dkt. 8 at 6. Further, the Fleemans contend that Price, as the individual assigned adjuster, can be held liable for his alleged unreasonable investigation of the Fleeman's claim. Dkt. 16 at 3.

Although the Fleemans allege factual allegations against Price in the original petition, the claims tend to closely track the Texas Insurance Code. Therefore, a summary judgment type inquiry is appropriate in this case. Accordingly, the inquiry no longer centers on the plaintiffs' state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties including plaintiffs and the defendants' response to this motion to remand.

In plaintiffs' reply to Safeco's response, the Fleemans allege that Price (1) misrepresented facts related to coverage; (2) that he failed to attempt a fair, prompt settlement; (3) that he failed to respond within a reasonable amount of time to affirm or deny coverage; (4) and that he failed to conduct a reasonable investigation. Dkt. 16 at 7.

For the limited purpose of determining whether the Fleemans properly joined Price in this suit, the court finds that the record as a whole supports the Fleemans' argument. The Fleemans submitted evidence that Price inspected their property and issued a damage estimate. Dkt. 8, Ex. B. Specifically, the Fleemans allege that Price failed to include all of the Fleemans' damages, undervalued others, and that Price took excessive depreciation on parts of the damaged property. Dkt. 16 at 8. Therefore, the court concludes that the Fleemans have included particularized facts and particularized allegations against Price sufficient to establish a reasonable possibility of recovery, and Safeco has not met its heavy burden of proving improper joinder. *Travis*, 326 F.3d at 649.

## CONCLUSION

The court finds that Price is properly joined as a defendant and, therefore, plaintiffs' motion to remand is GRANTED.  This case is, therefore, REMANDED to the 9th Judicial District Court of Montgomery County, Texas.

It is so ORDERED.

Signed at Houston, Texas on July 29, 2010.

_____
Gray H. Miller
United States District Judge